| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------ X<br>ABREZIEL HOLDINGS AG,<br><br>                         Plaintiff,<br><br>              -v-<br><br>STEVEN GRAY II<br><br>                         Defendant.<br>------------------------------------------------------------------ X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: <u>June 6, 2018</u><br><br>17-cv-3712 (KBF)<br><br><u>OPINION & ORDER</u> |

KATHERINE B. FORREST, District Judge:

Plaintiff Abreziel Holdings AG ("Abreziel") originally commenced this action against defendants Passo Sync, Inc. ("Passo"), Eran Eyal ("Eyal"), and Steven Gray II ("Gray") (collectively, "defendants" or the "Passo Parties") on May 17, 2017. (See Compl., ECF No. 1.) The Complaint alleges, in sum, that defendants breached their obligation to pay a total of $325,000 pursuant to a settlement agreement between the parties. Abreziel voluntarily dismissed Passo and Eyal on December 16, 2017 (ECF No. 41), but Gray remains.

Currently pending before the Court is Abreziel's motion for summary judgment against Gray, originally filed November 20, 2017. (ECF No. 46.) Following a period of limited discovery, Gray opposed that motion on January 26, 2018 (ECF No. 54)[1], and Abreziel replied on May 4, 2018 (ECF No. 64). Having reviewed the parties' respective briefs and exhibits thereto, and for the reasons stated below, the Court concludes that Abreziel's motion must be GRANTED.

---

[1] Although Gray is now proceeding <u>pro se</u> in this action, he was represented by counsel at the time he opposed Abreziel's motion for summary judgment.

I. BACKGROUND

   A. <u>Underlying Events and Settlement</u>

The following facts are derived from the parties' submissions under Local Civ. R. 56.1 and are undisputed[2] unless otherwise noted.

Abreziel is a Swiss investment company. In early 2017, Abreziel invested $350,000 in Passo (a startup company founded by Eyal and Gray) in exchange for a promissory note. Subsequently, on February 28, 2017, Abreziel sent a letter to Passo alleging fraud in the due diligence process. Specifically, Abreziel alleged that Passo had deliberately lied in claiming that it had secured an 18-month trial agreement with Macy's, and that Abreziel had relied on that misrepresentation in deciding to invest. Abreziel requested that its $350,000 investment be returned within 48 hours.

Approximately one month later, Abreziel and Passo executed a settlement agreement (the "Agreement") with an effective date of March 29, 2017. (See Decl. of Jason Koral in Supp. of Summ. J. ("Koral Decl.") Ex. C (the "Agreement"), ECF No. 48-3.) The Agreement required that Passo, Eyal, and Gray (collectively referred to therein as the "Passo Parties") return Abreziel's investment in two separate payments—the first ($100,000) on or before March 29, 2017, and the second ($250,000) on or before May 5, 2017. (Agreement §§ 1(a)-(b).) In exchange, Abreziel

---

[2] Pursuant to Local Civ. R. 56.1(c), "[e]ach numbered paragraph in the statement of material facts . . . will be deemed to be admitted . . . unless specifically controverted . . . in the statement required to be served by the opposing party." There are numerous instances where, although defendant "denies" a fact in form, he does not actually controvert the fact in substance (<u>e.g.</u>, where he asserts that statements made in declarations submitted by plaintiff contain or rely on "inadmissible hearsay). In all such instances, plaintiff's asserted facts are deemed admitted to the extent they are properly supported.

2

agreed not to sue the Passo Parties until May 5, 2017, and to fully release the Passo Parties upon receipt of payment. (Agreement §§ 2, 3.) The Agreement made clear that the Passo Parties' obligation to make payments was "joint and several, and that in the event of breach . . . any finding of liability shall be joint and several." (Agreement § 1(c).) Gray executed the Agreement on behalf of Passo, and also in his individual capacity. (Agreement § 13.)

Ultimately, the Passo Parties did not make payments in accordance with the terms of the Agreement. To wit, the Passo Parties did not make any payment on or before March 29, 2017, and only transmitted $25,000 on or before May 5, 2017.

B. Litigation History

On May 17, 2017, Abreziel commenced this breach of contract action against the Passo Parties. (See Compl.) The Court subsequently held two duly noticed initial pretrial conferences—one on July 26, 2017 (ECF No. 18) and one on September 7, 2017 (ECF No. 25)—but Gray did not appear. During the September 7, 2017 conference, plaintiff and defendant Eyal informed the Court that they had been unable to contact Gray for some time. (ECF No. 25.) Accordingly, and pursuant to prior warnings, the Court directed plaintiff to obtain a certificate of default against Gray if he did not appear by September 22, 2017.

Gray did not appear by the Court-imposed deadline, and plaintiff filed a request to enter default against Gray on October 10, 2017. (ECF No. 31.) The Clerk of Court issued a Certificate of Default against Gray that same day. (ECF No. 33.) Plaintiff then filed a motion for default judgment against Gray on October 12, 2017. (ECF No. 34.) In support of that motion, plaintiff represented (and submitted

3

documentation proving) that defendants Passo and Eyal had transmitted an additional $125,000 since the commencement of this action, leaving only $200,000 unpaid under the Agreement. (See Decl. of Jason M. Koral in Supp. of Certificate of Default ¶ 28.) After receiving plaintiff's motion for default, the Court issued an Order to Show Cause directing Gray to appear on October 26, 2017. (ECF No. 40.) Plaintiff subsequently dismissed Passo and Eyal from this action without prejudice. (ECF No. 41.)

On October 26, 2017, the Court held a Show Cause hearing and Gray had attorney Cooper Knowlton appear on his behalf. During that hearing, the Court allowed Gray's default to be cured, but determined that the case should proceed directly to summary judgment due to Gray's default and the apparent lack of substantive defenses; Gray's counsel agreed with that proposal. The Court further set a schedule for resolution of action, and directed plaintiff to move for summary judgment not later than November 20, 2017.

Plaintiff moved for summary judgment by the Court-imposed deadline. (ECF No. 46.) Defense counsel subsequently moved for an extension of time to oppose summary judgment to allow for limited discovery into the "resolution" between plaintiff and defendants Passo and Eyal and any ongoing business relationship between those parties. (ECF No. 51.) The Court granted that request, but noted that it would "not grant any further extensions of [the] briefing schedule." (ECF No. 52.) Gray opposed summary judgment in accordance with the schedule on January 26, 2018. (ECF No. 54.)

4

On January 31, 2018, plaintiff informed the Court that it was "close to reaching a settlement [with Gray] that would resolve this matter," and sought a two-week adjournment of existing case deadlines. (ECF No. 55.) The Court granted plaintiff's request. (ECF No. 56.) Subsequently, on February 13, 2018, the parties informed the Court that they had reached a settlement in principle, and the Court dismissed this action without prejudice to restore to the Court's calendar not later than March 16, 2018. (ECF No. 57.) Defense counsel twice moved to extend that deadline, first stating that the parties "require[d] another week to finalize the agreement and have all parties sign," (ECF No. 58), and subsequently informing the Court that "as a result of some unexpected medical costs . . . [plaintiff] will not be able to make any payments associated with a settlement until April 15" (ECF No. 60.) The Court granted both requests, but noted that the second extension was the final extension. (ECF No. 61.)

On April 20, 2018, plaintiff moved to reopen the case, noting that Gray "did not execute or sign off on the proposed settlement." (ECF No. 62.) Accordingly, the Court restored this action to the active calendar and directed plaintiff to file its reply papers not later than May 4, 2018. (ECF No. 63.) Plaintiff filed a reply in support of summary judgment on May 4. (ECF No. 64.)

On May 16, 2018, after plaintiff's motion for summary judgment was fully briefed, defense counsel filed a motion to withdraw as attorney of record, noting Gray's "fail[ure] to pay any of his legal fees" besides the initial retainer and the fact that Gray "has stopped responding to communications from counsel." (See Mem. of Law in Supp. of Mot. to Withdraw at 1-2, ECF No. 67-1.) The Court granted

5

defense counsel's request on May 18, 2018, and Gray is now proceeding <u>pro se</u> in this action. (ECF No. 68.)

II.  LEGAL PRINCIPLES

A. <u>Summary Judgment Standard</u>

Summary judgment may be granted when a movant shows, based on admissible evidence in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating "the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). "[A]ny evidence considered on summary judgment must be <u>reducible</u> to admissible form," otherwise it would be insufficient to create a <u>triable</u> issue of material fact. <u>Figueroa v. Mazza</u>, 825 F.3d 89, 98 n.8 (2d Cir. 2016).

In reviewing a motion for summary judgment, the Court construes all evidence in the light most favorable to the nonmoving party, and draws all inferences and resolves all ambiguities in its favor. <u>Dickerson v. Napolitano</u>, 604 F.3d 732, 740 (2d Cir. 2010). That said, the nonmoving party must actually offer "concrete evidence from which a reasonable juror could return a verdict in [its] favor," <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986), and "must do more than simply show that there is some metaphysical doubt as to the material facts," <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007) (quoting <u>Matsushita Elec. Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986)). The Court's ultimate role is to

determine whether there are any triable issues of material fact, not to weigh the evidence or resolve any factual disputes. See Anderson, 477 U.S. at 248-49 (1986).

B. Breach of Contract

The Agreement contains a choice of law provision stating that the Agreement "shall be interpreted, governed and construed in accordance with the laws of the State of New York." (Agreement § 9.) Under New York law, breach of contract has four distinct elements: "(1) the existence of a contract between [plaintiff] and . . . defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach." Diesel Props S.r.l. v. Greystone Bus. Credit II LLC, 631 F.3d 42, 52 (2d Cir. 2011) (citations omitted); see also National Market Share, Inc. v. Sterling Nat. Bank, 392 F.3d 520, 525 (2d Cir. 2004).

III. DISCUSSION

Despite Gray's various attempts to obfuscate the issues, this is a cut and dry breach of contract action. There is no dispute that Abreziel initially invested $350,000 in Gray's company, and that Abreziel subsequently demanded a return of its investment due to alleged fraud in the due diligence process. It is further undisputed that Gray—both personally and on behalf of Passo—executed an agreement with Abreziel that required him to make payments of $100,000 and $250,000 to Abreziel on or before March 29, 2017 and May 5, 2017, respectively. Finally, it is undisputed that those payments were not made in the required amounts by the required deadlines. Those facts, combined with Abreziel's

7

performance of its own obligations (to not sue the Passo parties prior to May 5, 2017) clearly establish Gray's liability for breach of contract.

Gray makes four primary arguments in opposition to summary judgment, all of which are unavailing. First, Gray argues that summary judgment should be denied because plaintiff's motion relies on inadmissible evidence. (See Def.'s Mem. of Law. Opposing Pl.'s Mot. for Summ J. ("Def.'s Opp'n") at 3-4, ECF No. 54.) Specifically, Gray argues that plaintiff's declarations in support of summary judgment include "conclusory statements and inadmissible hearsay" and do not comply with 28 U.S.C. § 1746 or Fed. R. Civ. P. 56(c)(4). (Id.) That argument is without merit. Plaintiff does not dispute the authenticity of the Agreement, nor does he offer any evidence to contradict plaintiff's sworn assertion that the required payments were not made. Further, all of the assertions contained in plaintiff's Local Civ. R. 56.1 statement are supported by documentation and/or declarations that have been produced to the Court and are readily reducible to admissible form. Put simply, Abreziel has done more than enough to satisfy its evidentiary burden on summary judgment, and Gray has done absolutely nothing to contradict any of the immediately relevant facts.

Second, Gray argues that plaintiff's "resolution" with and dismissal of Passo and Eyal creates material issues of fact regarding whether the resolution "should be interpreted as having satisfied [Gray's] obligations under the previous settlement agreement." (Def.'s Opp'n at 4-6.) Gray is correct in noting that plaintiff is not entitled to double recovery of payments due under the Agreement, but that argument is a red herring. Plaintiff is not seeking double recovery, and has

8

repeatedly provided cognizable evidence regarding the amount remaining due after payments by Passo and Eyal.  It is undisputed that Gray is jointly and severally liable for the total amount due under the Agreement.  (Agreement § 1(c).)  If Gray's <u>real</u> argument is that the remaining about due is uncertain, that argument also fails.  Plaintiff has provided evidence that it has recovered a total of $245,000 from the Passo Parties, and therefore that $105,000 remains due under the Agreement. (<u>See</u> Pl.'s Reply Mem. of Law in Supp. of Summ. J. ("Pl.'s Reply") at 5, ECF No. 64). Gray has done absolutely nothing to contradict that evidence.  Accordingly, there is no material dispute of fact to prevent summary judgment.

Third, Gray argues that he should be allowed time to conduct further discovery into the facts underlying this action pursuant to Fed. R. Civ. P. 56(d). (Def.'s Opp'n at 6-7.)  That argument fails for two primary reasons.  First, any limitations on the availability of discovery in this action are the direct result of Gray's own default—a case does not start from square one once a certified default is cured.  Second, Gray has not demonstrated there is a reasonable likelihood that additional discovery would create a genuine issue of material fact.  <u>See</u> <u>Alphonse Hotel Corp. v. Tran</u>, 828 F.3d 146, 151 (2d Cir. 2016) (citation omitted).  For instance, Gray requests discovery regarding "[t]he facts and circumstances surrounding the alleged breach," but does not <u>once</u> assert that the required payments were made.  As such, it is entirely unclear how further discovery "surrounding the alleged breach" would change this Court's analysis for purposes of summary judgment.  Further, Gray requested and received discovery regarding the "resolution" between Abreziel and Passo/Eyal, and does not even attempt to explain

9

why additional "interrogatories or depositions" relevant to that resolution are warranted.  Finally, as discussed more fully below, Gray has not provided <u>any</u> factual support—not even an affidavit—for his argument that there may have been duress or coercion involved.  Due to Gray's predicate inability to marshal even <u>one</u> fact in support of that argument (even a sworn statement), the Court finds it extremely unlikely that further discovery would uncover relevant evidence.  For those reasons, the Court will not defer judgment on the pending motion or allow for supplemental discovery.

Finally, as alluded to above, Gray argues that there are material issues of fact as to whether the Agreement is enforceable for two reasons: (1) hey may have signed the Agreement under duress; and (2) the Agreement lacks bargained-for consideration. (Def.'s Opp'n at 7-9.)  Both arguments are incorrect.  First, Gray has not produced a <u>single</u> fact tending to suggest that he signed the Agreement under economic duress.  Indeed, Gray did not even submit an affidavit affirmatively stating that he signed under duress, and the argument contained in his opposition (which would be insufficient to defeat summary judgment in any event) only alludes to the <u>possibility</u> of duress.  If Gray himself is not prepared to represent to the Court that he subjectively signed under duress, it is unclear how additional discovery would create a material dispute of fact on that point.  On motion for summary judgment, a nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Scott v. Harris</u>, 550 U.S. at 380 (quotation omitted).  Gray has entirely failed to do so here.  Second, Gray's argument regarding lack of consideration is frivolous.  The Agreement clearly states

10

that in exchange for payments totaling $350,000, Abreziel would both (1) refrain from suing the Passo Parties during the payment period and (2) fully release the Passo Parties from liability once payments were received. (Agreement §§ 2, 3.) There is thus no material dispute of fact that the Agreement contains adequate consideration on both sides and is enforceable by its terms.

IV. CONCLUSION

For the reasons stated above, the Court hereby GRANTS plaintiff's motion for summary judgment at ECF No. 46. Gray is liable for damages in the amount of $350,000 less the $245,000 already recovered from the Passo Parties as of May 4, 2018 and less any payments made subsequent to that date.

The Clerk of Court is directed to close all open motions, enter judgment in accordance with this Opinion & Order, and terminate this action.

Plaintiff is directed to serve a copy of this Opinion & Order on defendant and file proof of service on the docket.

SO ORDERED.

Dated: New York, New York
June 6, 2018

_____
KATHERINE B. FORREST
United States District Judge

11